UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE FONSECA-GUERRA,<br><br>               Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br><br>               Respondent. | Criminal Case No. 97CR0843 JAH<br>Civil Case No. 09CV1929 JAH<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>**[DOC. # 316]**<br><br>[18 U.S.C. § 3582] |

### INTRODUCTION

On August 31, 2009, petitioner Jorge Fonseca-Guerra ("petitioner") filed a motion to reduce the term of his imprisonment pursuant to 18 U.S.C. § 3582. The motion has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court DENIES the motion in its entirety.

### BACKGROUND

Petitioner entered a plea of guilty to one count of conspiracy to distribute cocaine and marijuana in violation of Title 21, United States Code, Sections 846 and 841(a)(1) on November 17, 1997 before the Honorable Judith N. Keep, United States District Judge. Doc. # 124. On February 5, 1998, Judge Keep sentenced petitioner to a term of 265 months in custody followed by five years of supervised release. No fine was imposed but a mandatory $100 penalty was assessed. *See* Docs. # 138, 139, 187. Thereafter, petitioner appealed his conviction. The Ninth Circuit affirmed petitioner's conviction on April 20, 1999.

Petitioner then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which was fully briefed and subsequently denied by Judge Keep on September 26, 2001. However, petitioner was granted a certificate of appealability. *See* Doc. # 247. The Ninth Circuit affirmed Judge Keep's denial of petitioner's Section 2255 motion on November 12, 2002 and denied petitioner's application to file a second or successive Section 2255 petition on December 20, 2005. *See* Docs. # 286, 302.

Petitioner subsequently, on May 23, 2008, filed a motion to correct his sentence pursuant to 18 U.S.C. § 3582, based on a retroactive application of certain amendments to the sentencing guidelines involving crack cocaine offenses. *See* Doc. # 310. This Court, on February 9, 2009, denied petitioner's motion on the grounds that petitioner was convicted of an offense involving powder (not crack) cocaine. *See* Doc. # 314. The instant motion, filed on August 31, 2009, seeks a reduction of petitioner's sentence based on a retroactive application of Amendment 591 of the Sentencing Guidelines, which does not involve crack cocaine. The government filed an opposition in response to the motion on September 25, 2009. Petitioner did not file a traverse.

## DISCUSSION

Petitioner moves for a reduction in his base offense level pursuant to 18 U.S.C. § 3582 based on Amendment 591 to the Sentencing Guidelines. *See* Doc. # 316 at 4-5. Specifically, petitioner claims that applying Amendment 591, in conjunction with USSG §§ 2D1.1 and 2X1.1, requires his base offense level be reduced by 3 levels, resulting in a reduction in his sentence from 265 to 168 months. Id. at 5.

Amendment 591 became effective on November 1, 2000 and directs that courts use the Statutory Index in determining the correct guideline section for the count of conviction. Amendment 591 also addresses the application of enhanced penalties for drug offenses occurring near protected areas or involving underage or pregnant individuals. In addition, Amendment 591 addresses sentencing based on factors other than the charged conduct alleged in the offense of conviction.

//

Petitioner contends, in the instant motion, that "the jury made no finding" as to the quantity of drugs related to the conspiracy charge, thus implicating Amendment 591. *See* Doc. # 316 at 4. Petitioner appears to contend that the fact there was "no finding" made by a jury, then the trial court must have based its calculations of the guidelines on uncharged conduct thereby requiring this Court to now reduce his sentence accordingly. *See* id.

Respondent contends petitioner's contention is without merit. *See* Doc. # 318 at 4. Respondent points out that this case involved an extensive investigation which began in 1990 and lasted until 1996, and concerned a major marijuana and cocaine distribution network of which the investigating agents believed petitioner was a major player. *See* id. at 4-8. Respondent also points out that the trial court, during the petitioner's disposition hearing, requested that a factual basis for the plea be presented. *See* RT[1] at 29. During government counsel's presentation of the factual basis for petitioner's plea, government counsel stated that petitioner had received cocaine in amounts exceeding 150 kilograms from certain other members of the alleged conspiracy. RT at 34. Petitioner's counsel then continued with the presentation of the factual basis, stating that "[b]etween '91 and '95 .... [petitioner] did receive cocaine from [a co-conspirator] ... for purposes of distribution in the United States ... in excess of 150 kilos." RT at 35. Petitioner agreed with his attorney's stated factual basis and answered in the affirmative when questioned by the trial court as to whether he had received cocaine from his co-conspirator. RT at 35-36. In addition, petitioner answered affirmatively when the trial court asked him whether he "agreed that between 1991 and '95 ... you received over 150 kilos of cocaine from [a co-conspirator]." Id. at 38. At the sentencing hearing held on February 5, 1998, the trial court outlined its guideline calculations, noting the base offense level was 38 due to the fact that "there's over 150 kilograms of coke involved ..." ST[2] at 27. Respondent notes the sentencing judge clearly made a finding that the controlled substance in this case was cocaine and the amount involved was in excess of 150 kilos. *See* Doc. # 318 at 14-15. Based

---

[1] The transcript of the disposition hearing held before Judge Keep on November 17, 1997 is attached to respondent's brief as Exhibit B and referenced herein as "RT."

[2] The transcript of the sentencing hearing held before Judge Keep on February 5, 1998 is attached to respondent's brief as Exhibit C and referenced herein as "ST."

on these findings, respondent contends that the trial court "correctly selected the appropriate offense guideline for the statute of conviction ..." Id. at 15. Therefore, respondent contends that Amendment 591 does not impact the district court's application of USSG § 2D1.1 and petitioner's motion must be denied.

This Court's review of the record reveals that respondent is correct. The record clearly indicates Judge Keep based the guideline calculation of petitioner's base offense level of 38 on a finding that the controlled substance at issue was cocaine and the amount involved was more than 150 kilograms. *See* ST at 27. This Court's review further reveals no indication that the trial court based the calculation on uncharged conduct or any other controlled substance as alleged by petitioner. Accordingly, this Court finds petitioner's contention meritless.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that petitioner's motion to reduce his sentence pursuant to 18 U.S.C. § 3582 [doc. # 316] is **DENIED.**

DATED:        June 18, 2010

_____
JOHN A. HOUSTON
United States District Judge